JOSIAH GILLERSON *versus* RUFUS MANSUR *& al.*

The owner of a tract of land gave to plaintiff a *permit* to cut and take away certain trees, reserving the ownership and control of the lumber cut, until payment therefor had been made ; defendants, without license, entered upon the land, cut and removed the trees : — *Held,* that plaintiff had no such property, or right of possession, in the lumber, as would entitle him to maintain *replevin* therefor.

ON REPORT from *Nisi Prius,* MAY, J., presiding.

REPLEVIN, of two thousand spruce, and four hundred pine logs. Plea, general issue and brief statement that neither property in, nor right of possession of, the logs, was in plaintiff. The plaintiff introduced a permit to cut timber, from one Gilman to him, dated 3d of November, 1856. Defendants introduced a permit from Gilman, dated 14th of October, 1856.

That the ruling of the presiding Judge might be had, the defendants admitted they cut the timber upon, and removed

it from, the territory embraced in the plaintiff's permit, and while he held it. The plaintiff exhibited no other title. The Judge ruled that the action could not be maintained. If this ruling should be sustained, a nonsuit is to be entered; otherwise, the action is to stand for trial.

*J. Granger* and *Madigan,* for plaintiff.

Defendants were wrongdoers, trespassers upon the rights of plaintiff, or of Gilman, or of both.

Had the plaintiff such a right of property, *general* or *special,* in the logs as will entitle him to maintain this action? He claims under Gilman's written contract. The defendants cut and hauled the logs after the date of the contract, and before the date of the writ.

This contract is not a mere naked *license* to enter and remove the timber, but contains stipulations on the part of plaintiff to cut and remove all the logs, and to pay for the same at a time specified, under large forfeiture for any breach on his part.

This contract was a sale of the timber to plaintiff, subject to Gilman's claim, to secure the performance of plaintiff's contract, which Gilman might assert or waive, but which defendants cannot set up to avoid accountability to plaintiff. (*Leighton* v. *Stevens,* 19 Maine, 154,) and also the right to possession for the purpose of cutting, removing, &c. And the plaintiff could maintain trespass *quare clausum fregit* and *asportatis,* or trover, or replevin for the timber cut by any stranger. Long on Sales, 42; *Crosby* v. *Wadsworth,* 6 East, 602; 2 Selw. N. P., 482, 3, 4; *Clap* v. *Draper,* 4 Mass. 266; *Wilson* v. *Mackreth,* 3 Bem. 1824.

The plaintiff might have maintained an action against Gilman himself, if he had cut and taken away the timber during the time embraced in his contract with plaintiff. *Channon* v. *Patch,* 5 B. and C., 897; 2 Petersdorff's Ab. 1002; 1 Hill. Ab. 6, 7; *Stewart* v. *Doughty,* 9 Johnson, 108; *Bulkley* v. *Dolvier,* 7 Crown R. 232; Liford's case, 11 Coke, 50; 1 Greenl. Cruise, 116; *Pease* v. *Gibson,* 6 Greenl. 81; *Howard* v. *Lincoln,* 13 Maine, 122.

At the time the trees were severed by the defendants, the plaintiff had at least a special property in them, a right to take immediate actual possession, to cut them down and remove them. He had a right to do so, even against Gilman. He was accountable for them, if cut and removed during the time stipulated for him to do it, in his permit, although cut and carried away by a stranger.

*S. H. Blake* and *Tabor*, for defendants.

By the terms of Gilman's *permit*, plaintiff had the right to cut pine and spruce, the title to remain in Gilman until plaintiff had paid for stumpage. The plaintiff had no right to the exclusive possession of the tract, and would have been a trespasser if he had cut trees other than pine and spruce.

In whom was the title and right of possession of the timber cut by defendants? Clearly, in Gilman, who could seize it at his pleasure, and not in plaintiff, who had not cut or hauled it. The trespass may have injured plaintiff, and he has his remedy for the injury, and is prosecuting another action for injury, in this Court.

Plaintiff's title rests upon his permit, " to cut and remove therefrom spruce and pine timber." This timber he did not cut or remove, and consequently has no title to it.

TENNEY, C. J. — This was replevin for logs cut by the defendants, upon land of Samuel A. Gilman. It was admitted by the defendants that the logs grew upon land embraced in the description of territory in the permit given by said Gilman to the plaintiff, and from which he was entitled to take the pine and spruce timber, suitable to be sawed into boards, within a certain specified time, and not after, and upon certain conditions. The timber was not cut by the plaintiff. By the permit, Gilman was to have the full and complete ownership and control of all lumber to be cut upon the land. It does not appear that the conditions, upon which the timber could be cut by the plaintiff, were ever fulfilled in any respect. And nothing is exhibited in the case, that Gilman had not the title and right of possession exclusively to the property replevied, and

the issue that the plaintiff had no right of possession therein must have been for the defendants, on the evidence introduced.

*Plaintiff nonsuit.*

RICE, APPLETON, HATHAWAY, CUTTING and GOODENOW, J. J., concurred.